**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION**

RANGEWATER REAL ESTATE, LLC
agent of The Cottages at
Southhampton, and PDQ SERVICES,
INC.,

       Plaintiffs,

v.

BRIANNA POSS, and all other
occupants,

       Defendants.

Civil Action No.
1:25-cv-04597-VMC

**ORDER**

This matter is before the Court on the Magistrate Judge's Final Report and

Recommendation ("R&R," Doc. 3) that this dispossessory action be remanded to

the Magistrate Court of Henry County, Georgia pursuant to 28 U.S.C. § 1447(c).

Under 28 U.S.C. § 636(b)(1), the Court reviews the Magistrate Judge's R&R

for clear error if no objections are filed to the report. 28 U.S.C. § 636(b)(1). If a party

files objections however, the district court must determine de novo any part of the

Magistrate Judge's disposition that is the subject of a proper objection. Fed. R. Civ.

P. 72(b); 28 U.S.C. § 636(b). Defendants have been granted *in forma pauperis* status

by the Magistrate Judge. Rather than wait for potential objections to be filed, the

Court reviews the Magistrate Judge's holding de novo in its entirety because a

threshold issue of the Court's jurisdiction to consider this case is clearly presented in this matter. *Univ. of S. Ala. v. Am. Tobacco Co.*, 168 F.3d 405, 410 (11th Cir. 1999) ("[A] court should inquire into whether it has subject matter jurisdiction at the earliest possible stage in the proceedings. Indeed, it is well settled that a federal court is obligated to inquire into subject matter jurisdiction sua sponte whenever it may be lacking.").

The Court is aware of how serious and devastating it is for any person to face eviction from their residence. However, the Court cannot act beyond its statutory grant of subject matter jurisdiction and must "strictly construe removal statutes in favor of state court jurisdiction." *Kuhn v. Brunswick Corp.*, 871 F. Supp. 1444, 1446 (N.D. Ga. 1994); *see also Burns v. Windsor Ins. Co.*, 31 F.3d 1092 (11th Cir. 1994).

In accordance with 28 U.S.C. § 636(b)(1) and Rule 72 of the Federal Rules of Civil Procedure, this Court has conducted a careful, de novo review of the Magistrate Judge's recommendation remanding this action. The Court concludes that the Magistrate Judge's R&R is correct in all material respects. As no federal question is presented on the face of the Plaintiff's Complaint filed in the Magistrate Court of Henry County, Georgia, jurisdiction over the initiation and trial of a dispossessory action filed in Georgia lies entirely in the state court system.

Accordingly, the Court hereby **ADOPTS** the Magistrate Judge's Report and Recommendation (Doc. 3) as the opinion of this Court. For the reasons stated in the Magistrate Judge's Report and Recommendation, the Court **REMANDS** this case to the Magistrate Court of Henry County.[1] There being no further issues before the Court, the Clerk is **DIRECTED** to close the case.

**SO ORDERED** this 26th day of August, 2025.

Victoria Marie Calvert
United States District Judge

---

[1] As this case involves a pro se Defendant, the Court provides further guidance. An order remanding the case means that the case will continue to be heard, but in the court where it was originally filed – here, the Magistrate Court of Henry County. The case is simply being returned to the Magistrate Court of Henry County for further proceedings. Any future motions should be filed with the Magistrate Court.